IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| GEMINI INVESTORS III, L.P., and<br>GEMINI INVESTORS IV, L.P.,<br><br>    Plaintiffs,<br><br>v.<br><br>RSG, INC., R GROUP, INC., and<br>RANDALL S. GOLDEN,<br><br>    Defendants. | 8:09CV105<br><br>MEMORANDUM AND ORDER |

This matter is before the court on the defendants' motion to dismiss, Filing No. 11. This action was transferred to this court from the United States District Court for the District of Minnesota. *See* Filing No. 26, Memorandum Opinion and Order. Jurisdiction is based on diversity of citizenship under 28 U.S.C. § 1332.

**I. BACKGROUND**

The allegations in plaintiffs' complaint are set forth in the order of the United States District Court for the District of Minnesota transferring the case to this jurisdiction and need not be fully repeated here. *See* Filing No. 26, Mem. Op. & Order at 3. This action is related to an action filed by defendants RSG, Inc., R Group, Inc., and Randall S. Golden against Sidump'r Trailer Co., Inc. ("Sidump'r"). *See id.* at 7-8; *RSG, Inc., R Group, Inc., and Randall S. Golden v. Sidump'r Trailer Company, Inc.,* No. 8:06CV507. The plaintiffs herein have invested in Sidump'r. *See* Filing No. 26, Mem. Op. & Order at 3. The plaintiffs' allegations in this case are similar to the allegations made in the counterclaim by Sidump'r Trailer Co., Inc., as defendants in the other case. *See RSG, Inc., R Group, Inc.,*

*and Randall S. Golden v. Sidump'r Trailer Company, Inc.,* No. 8:06CV507, Filing No. 123, Second Amended Counterclaim.

Briefly, plaintiffs Gemini Investors, III, L.P., and Gemini Investors IV, L.P. (collectively, "Gemini") allege that defendants made material misrepresentations that induced Gemini to invest in a business, formerly owned by defendants, that designed, manufactured, distributed, and sold dump trailers, accessories, and related parts. Gemini subsequently formed two entities, Sidump'r Trailer, Inc. and Sidump'r Holdings, Inc., to purchase the dump trailer business then owned by the defendants.

In their motion to dismiss, the defendants assert that the plaintiffs lack standing to sue because their claims are derivative claims that belong to the Sidump'r corporate entities. They urge application of Delaware law and argue that the "internal affairs doctrine" should govern this dispute. They further assert that the plaintiffs' complaint fails to comply with the verification and pleading requirements of Fed. R. Civ. P. 23.1 and fails to state a claim on which relief can be granted.

## II. DISCUSSION

### A. Law

Under the Federal Rules, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The rules require a "'showing,' rather than a blanket assertion, of entitlement to relief." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 556 n.3. (2007) (*quoting* Fed. R. Civ. P. 8(a)(2)). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus,* 551 U.S. 89, —, 127 S. Ct. 2197, 2200 (*quoting Twombly*, 550 U.S. at 555). In order to survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the plaintiff's obligation to provide the

2

grounds for his entitlement to relief necessitates that the complaint contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555.

The factual allegations of a complaint are assumed true and construed in favor of the plaintiff, "even if it strikes a savvy judge that actual proof of those facts is improbable and 'that a recovery is very remote and unlikely.'" *Id.* (quoting [Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)](#)). "On the assumption that all the allegations in the complaint are true (even if doubtful in fact)," the allegations in the complaint must "raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555-56. In other words, the complaint must plead "enough facts to state a claim for relief that is plausible on its face." *Id.* at 547. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." [*Ashcroft v. Iqbal*, — U.S. —, —,129 S. Ct. 1937, 1949 (2009)](#) (stating that the plausibility standard does not require a probability, but asks for more than a sheer possibility that a defendant has acted unlawfully.).

In diversity cases, the forum state's choice of law rules govern. *See* [*Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941)](#). Nebraska follows the Restatement (Second) of Conflicts of Laws. [*Inacom Corp. v. Sears, Roebuck & Co.*, 254 F.3d 683, 687 (8th Cir. 2001)](#). The Restatement provides, with respect to tort claims, that the law of the state with the most significant connection to the tort applies. *See* Restatement (Second) of Torts, §§ 145, 148. However, when the relevant legal principles with respect to dispositive issues are the same in both states, "what has come to be called a false conflict" is presented and the court need not resolve the choice of law issue. *See* [*A.P. Leonards v. Southern Farm Bureau Cas. Ins. Co.*, 279 F.3d 611, 612 (8th Cir. 2002)](#).

As a general rule, a shareholder may not bring an action in his or her own name to recover for wrongs done to the corporation or its property; such a cause of action is in the corporation and not the shareholders. *Trieweiler v. Sears*, 689 N.W.2d 807, 837 (Neb. 2004) (noting that the right of a shareholder to sue is derivative in nature and normally can be brought only in a representative capacity for the corporation); *Northwest Racquet Swim and Health Clubs, Inc. v. Deloitte & Touche,* 535 N.W.2d 612, 617 (Minn. 1995) (same). To determine whether a claim is derivative or direct, both Nebraska and Minnesota follow the "separate and distinct injury" test. *Northwest Racquet Swim and Health Clubs, Inc.,* 535 N.W.2d at 617 (Minn. 1995); *Meyerson v. Coopers & Lybrand*, 448 N.W.2d 129, 134 (Neb. 1989). The relevant inquiry under that test is "whether the injury to the individual plaintiff is separate and distinct from the injury to the other shareholders." *Meyerson*, 448 N.W.2d at 134. Also, even if a claim is derivative, it can be treated as a direct action for recovery of damages when an entity is a closely held corporation. *Trieweiler,* 689 N.W.2d at 837 (Neb. 2004) (noting that "a closely-held corporation may be treated, in effect, as an incorporated partnership, and a significant difference in legal treatment is unwarranted, as the concept of a corporate injury that is distinct from any injury to the shareholders approaches the fictional in the case of a firm with only a handful of shareholders."). In such cases, an individual recovery in an action raising derivative claims will be permitted only when the court, in its discretion, finds that "to do so will not unfairly expose the corporation or defendants to a multiplicity of actions, materially prejudice the interests of creditors of the corporation, or interfere with a fair distribution of the recovery among all interested persons." *Id.* at 838.

The internal affairs doctrine was developed on the premise that in order to prevent corporations from being subjected to inconsistent legal standards, the authority to regulate

a corporation's internal affairs should not rest with multiple jurisdictions. *Johnson v. Johnson*, 272 Neb. 263, 270 (Neb. 2006). It is a choice-of-law principle, and not a bar to jurisdiction. *Id.* Therefore, whether or not a dispute concerning the internal affairs of a foreign corporation should be heard in the courts of Nebraska is not controlled by the internal affairs doctrine, but by the same principles of personal jurisdiction and *forum non conveniens* applicable to any other suit involving an out-of-state defendant. *Id.* A court will exercise jurisdiction over an action involving the internal affairs of a corporation unless it is an inappropriate or an inconvenient forum for the trial of the action. *Id.* at 270-271.

In order to state a claim for fraudulent misrepresentation under Nebraska law, a plaintiff must allege: (1) that a representation was made; (2) that the representation was false; (3) that when made, the representation was known to be false or made recklessly without knowledge of its truth and as a positive assertion; (4) that the representation was made with the intention that the plaintiff should rely on it; (5) that the plaintiff did so rely on it; and (6) that the plaintiff suffered damage as a result. *Brummels v. Tomasek*, 731 N.W.2d 585, 591 (Neb. 2007). Proof of prior or contemporaneous oral agreements that alter, vary, or contradict the terms of a written agreement are generally inadmissible under the parol evidence rule; however, the parol evidence rule does not prevent reception or consideration of evidence to prove promissory fraud. *Abbott v. Abbott*, 195 N.W.2d 204, 208 (Neb.1972). A merger clause or disclaimer in a contract is ineffective to preclude a trier of fact from considering whether fraud induced formation of the bargain. *Camfield v. Olsen*, 164 N.W.2d 431 (Neb. 1969).

### B. Analysis

The allegations of the plaintiffs' complaint involve misrepresentations to the plaintiffs as potential investors. Such a claim is a direct claim. The defendants' alleged

5

misrepresentation occurred before the corporate entities were created. The injury to plaintiffs was due to alleged misrepresentations to them as the purchasers of certain assets, and not to the corporate entities later created to effect the purchase. The court finds the allegations of the plaintiffs' complaint are sufficient to state a direct claim for fraudulent misrepresentation. Further, a fraud-in-the-inducement claim, which is a tort, is not precluded by a contractual merger clause.

The court further finds that the "internal affairs doctrine" has no application to this case, since the action does not involve the relationships within a corporation, or the internal affairs of the corporation. Moreover, the venue and *forum non conveniens* issues were resolved by the Minnesota U.S. District Court. Accordingly,

IT IS ORDERED that the defendants' motion to dismiss (Filing No. 11) is denied.

DATED this 11th day of August, 2009.

BY THE COURT:

s/ Joseph F. Bataillon
Chief United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.