IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| GEMINI INVESTORS III, L.P., and<br>GEMINI INVESTORS IV, L.P.,<br><br>Plaintiffs/Counter-defendants,<br><br>v.<br><br>RSG, INC., R GROUP, INC., and<br>RANDALL S. GOLDEN,<br><br>Defendants/Counterclaimants. | 8:09CV105<br><br>MEMORANDUM AND ORDER |

This matter is before the court on the following motions: a motion to dismiss pursuant to stipulation filed by defendants RSG, Inc., R Group, Inc., and Randall S. Golden (hereinafter, collectively, "RSG"), Filing No. 73;[1] and a motion to dismiss RSG's counterclaim filed by plaintiffs Gemini Investors III, L.P., and Gemini Investors IV, L.P. (hereinafter, collectively, "Gemini"), Filing No. 92.

I.   BACKGROUND

This action is related to another action in this court, *RSG, Inc., R Group, Inc., and Randall S. Golden v. Sidump'r Trailer Company, Inc.*, No. 8:06CV507 (hereinafter, "*RSG v. Sidump'r*" or "the Sidump'r litigation"). The plaintiffs' allegations in this case involve the transaction at issue in the Sidump'r litigation. *See RSG v. Sidump'r,* Filing No. 123, Second Amended Counterclaim. This action was transferred to this court from the United States District Court for the District of Minnesota in response to RSG's motion to dismiss or transfer venue. See Filing No. 26, Memorandum Opinion and Order. Early in this

---

[1] Also pending is RSG's motion to strike Gemini's response, improperly denominated an "objection," to RSG's motion to dismiss, Filing No. 77. That motion is premised on Gemini's failure to file a brief. The deficiency has since been corrected and the motion will accordingly be denied as moot.

litigation, RSG moved to dismiss, contending that Gemini's direct action against RSG was barred since, as a shareholder of Sidump'r, it only had a derivative suit.  *See* Filing No. 16, RSG's Brief in Support of Motion to Dismiss.  It further asserted that Gemini lacked standing to assert Sidump'r's claims and argued that it was not the real party in interest.  This court denied RSG's motion to dismiss, finding that the alleged misrepresentations at issue in this case were made to Gemini as a potential investor before the corporate entity was created.  Filing No. 49, Memorandum and Order at 5-6.

Before filing an answer, RSG moved to consolidate the two cases, arguing that the two actions involved the same nucleus of operative facts and that, as majority shareholders of Sidump'r, Gemini was in control of the parallel proceedings in the Sidump'r litigation.  Filing No. 56, RSG's Brief in Support of Motion to Consolidate.

In order to avoid delaying the Sidump'r litigation and risk multiple jury verdicts on similar factual allegations, the parties entered into a stipulation wherein Gemini agreed to be bound in this case by the judgment in the Sidump'r litigation and RSG agreed to withdraw its motion to consolidate the two actions.  *See* Filing No. 68, Stipulation.  Specifically, Gemini agreed that:

> If Sidump'r Trailer Company, Inc., does not substantially prevail on one or more of Counterclaim Counts 2 [fraudulent misrepresentation], 3 [fraudulent concealment], 4 [fraudulent nondisclosure] and 5 [negligent misrepresentation] set forth in [Sidump'r's] Second Amended Counterclaim filed in the Sidump'r Litigation against a Golden Party, then the Gemini Parties' claims against that Golden Party in this action shall be dismissed with prejudice.

*Id.* at 2.  The words "not substantially prevail" were defined in the Stipulation to mean either that the claims were "dismissed or Sidump'r Trailer Company, Inc. recovers a judgment for nominal damages only."  *Id.*  Gemini further agreed to be bound by all legal determinations

made by the court in the Sidump'r Litigation, whether made on summary judgment, pretrial motions, or during trial, "except to the extent that such legal determinations shall be reversed or vacated on appeal in the Sidump'r Litigation." *Id.*

The Sidump'r litigation was tried to the court and a jury from April 6, 2010, to April 16, 2010. At the close of evidence, the court dismissed all but two of Sidump'r's fraudulent misrepresentation and fraudulent concealment claims and submitted the two remaining claims to the jury for determination. *See RSG v. Sidump'r*, No. 8:06CV507, Filing No. 303, Memorandum and Order at 4; Filing No. 296, Verdict at 2. Gemini opposes the motion, contending that it is premature in light of RSG's motion to amend findings in the other case.

Shortly after the judgment was entered in the Sidump'r litigation, RSG filed a counterclaim in this action, alleging malicious prosecution and tortious interference with a contract by Gemini, and also seeking to "pierce the corporate veil." Filing No. 72. RSG alleges that Gemini has an 80% ownership interest in Sidump'r and seeks damages in the amount of $967,655.30 for attorney fees incurred in the successful defense against Sidump'r's allegedly frivolous counterclaims in the Sidump'r litigation. *Id.* at 3, 6. The allegations of tortious interference with a contract involve the Transaction Services Agreement ("TSA") and Side Letter Agreement between Randy Golden and Sidump'r that were the subjects of the Sidump'r litigation. RSG alleges that Gemini "interfered with the TSA by abetting and causing Sidump'r to materially breach the TSA." It seeks director's payments of $50,000 for breach of the side agreement and $104,500 (the amount of the court's judgment against Sidump'r in the other litigation) for breach of the agreement to furnish Randy Golden two Sidump'r trailers. *Id.* at 8. Further, RSG alleges that Gemini caused Sidump'r to make fraudulent conveyances to Gemini in the amount of $180,996.11,

when Gemini knew or had reason to know that Sidump'r was insolvent at the time of the payments.

Gemini moves to dismiss RSG's counterclaim for lack of jurisdiction and failure to state a claim. It argues that RSG's counterclaim is an improper attempt to enforce the judgment it obtained against Sidump'r in the Sidump'r litigation against Gemini. It asserts the court is without jurisdiction to entertain a motion to enforce a judgment against a nonparty to the litigation that underlies the judgment. Further, it argues that RSG's counterclaim fails to state a claim for relief under Fed. R. Civ. P. 12 (b)(6).

II. DISCUSSION

A. Law

The party asserting jurisdiction bears the burden of proving by a preponderance of the evidence that diversity-of-citizenship jurisdiction exists. *United States v. Afremov,* 611 F.3d 970, 975 (8th Cir. 2010). In order to survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the plaintiff's obligation to provide the grounds for his entitlement to relief necessitates that the complaint contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007). "On the assumption that all the allegations in the complaint are true (even if doubtful in fact)," the allegations in the complaint must "raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555-56. In other words, the complaint must plead "enough facts to state a claim for relief that is plausible on its face." *Id.* at 547. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* — U.S. —, —,129 S. Ct. 1937, 1949 (2009) (stating that the plausibility

standard does not require a probability, but asks for more than a sheer possibility that a defendant has acted unlawfully.). When the allegations in a complaint, however true, could not raise a claim of entitlement to relief, the complaint should be dismissed for failure to set a claim under Fed. R. Civ. P. 12(b)(6). *Twombly,* 550 U.S. at 558; *Ashcroft v. Iqbal,* — U.S. —, —, 129 S. Ct. 1937, 1950 (stating that "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'").

Judgment on the pleadings should be granted only if the moving party clearly establishes that there are no material issues of fact and that it is entitled to judgment as a matter of law. *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999). "When considering a motion for judgment on the pleadings (or a motion to dismiss under Fed. R. Civ. P. 12(b)(6)), the court generally must ignore materials outside the pleadings, but it may consider 'some materials that are part of the public record or do not contradict the complaint,' as well as materials that are 'necessarily embraced by the pleadings.'" *Id.* (citations omitted) (quoting *Missouri ex rel. Nixon v. Coeur D'Alene Tribe,* 164 F.3d 1102, 1107 (8th Cir. 1999) and *Piper Jaffray Cos. v. National Union Fire Ins. Co.*, 967 F. Supp. 1148, 1152 (D. Minn. 1997)).

    B.  Analysis

The court first finds that it is clear in the record that Sidump'r did not prevail on its counterclaims and, pursuant to the stipulation, its claims against RSG in this action are subject to dismissal. Accordingly, RSG's motion to dismiss should be granted.

With respect to Gemini's motion to dismiss, jurisdiction in this case is premised on diversity of citizenship. There has been no challenge to the citizenship of the parties.

Gemini's reliance on ancillary jurisdiction is misplaced. Whether this action has a meaningful connection to the Sidump'r litigation is of no consequence because diversity provides the basis of jurisdiction. Accordingly, the court finds Gemini's motion to dismiss for lack of jurisdiction should be denied. Whether the court can afford the relief RSG seeks is a separate issue.

The court need not address whether or not RSG's counterclaim states an actionable claim for relief because the court finds the counterclaim is foreclosed by the parties' stipulation. At the time the parties entered into the stipulation, RSG had filed a motion to consolidate the two actions. Filing No. 55. Its motion to consolidate was premised on the "unassailable" finding that the two cases involved the same nucleus of operative fact. See Filing No. 56, RSG Brief in Support of Motion to Consolidate at 3. The motion was supported by extensive evidence purporting to show the connection between Gemini and the entity that eventually became Sidump'r. See Filing No. 57, Filing No. 58, Filing No. 59, Filing No. 60, Filing No. 61, Filing No. 62, Indices of Evid. RSG agreed to withdraw the consolidation motion in exchange for Gemini's agreement to be bound by the findings in the other case. Implicit in that agreement is the understanding that the Sidump'r litigation would resolve all of the issues involved in the "nucleus of operative fact" that is at the heart of the litigation. In agreeing to withdraw its motion to consolidate, to stipulate to a stay of discovery and to forego joining the two actions, RSG essentially agreed to place all of its eggs in the Sidump'r litigation basket. The time for RSG to have asserted its counterclaims against Gemini has long since passed. RSG has had a trial on the contract and fraud issues connected to the transaction and the court is unwilling to allow RSG a second bite at the apple. Further, any actions in aid of execution are premature since RSG has not

attempted to execute on the judgment, nor has it shown that the judgment debtor is insolvent or unable to pay the judgment. To the extent that either "piercing the corporate veil" or a determination of alter ego status are necessary, they can be pursued in the Sidump'r litigation. Also, RSG's fraudulent conveyance allegations are more appropriately pursued in a forum such as bankruptcy court or to a receiver. Accordingly,

IT IS HEREBY ORDERED:

1. RSG's motion to dismiss (Filing No. 73) is granted.

2. Gemini's complaint is dismissed.

3. Gemini's motion to dismiss (Filing No. 92) is granted.

4. RSG's counterclaim (Filing No. 72) is dismissed.

5. RSG's motion to strike (Filing No. 77) is denied as moot.

DATED this 11th day of May, 2011.

BY THE COURT:

s/Joseph F. Bataillon
Chief District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.